IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

ABILENE DIVISION

| | | |
|---|---|---|
| JEANNE E. LEAVITT<br>    Plaintiff | § | |
| v. | § | CIVIL ACTION NO.<br>Jury Trial Demanded |
| PFIZER, INC.<br>    Defendant | § | 1:-07CV-068-C |
| * * * * * * * * * * * * * * * * * * * * | § | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 29 2007
CLERK, U.S. DISTRICT COURT
By _____
         Deputy

<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW INTO COURT, through undersigned counsel, comes JEANNE E. LEAVITT, who files this Complaint and alleges the following upon information and belief:

1.

This is an action for damages sustained by JEANNE E. LEAVITT. This action is instituted as a result of defendant's wrongful conduct including, but not limited to, the manufacturing, distribution, testing, labeling and selling of the prescription drug Bextra.

2.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction). The amount in controversy exceeds $75,000.00 exclusive of interest and costs. There is complete diversity of citizenship between the plaintiff and the defendant.

3.

Venue is proper in this District pursuant to 28 U.S.C. 1391(a), as JEANNE E. LEAVITT obtained, purchased and used the prescription medication that forms the basis of this lawsuit in this Federal District of Texas, resided within the District, and defendant marketed, advertised and distributed Bextra in this District.

4.

Defendant, Pfizer, is the manufacturer, marketer, wholesaler, distributor and/or seller of Bextra, and is a foreign corporation organized under the laws of the State of Delaware and is authorized to do business in the State of Texas. Defendant may be served with process by serving its registered agent:

**CT Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.**

5.

Pfizer, Inc. does substantial business in the State of Texas and within this Federal District, and at all times relevant hereto, it developed, manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate commerce and Texas, the aforementioned prescription drug.

6.

At all times material to this action, Plaintiff, JEANNE E. LEAVITT, was a resident of Abilene, Texas.

7.

JEANNE E. LEAVITT ingested Bextra as prescribed by Dr. Udaya S. Swarna. On or about November 2, 2004, Plaintiff suffered a debilitating heart attack with associated permanent heart damage, as a result of her ingestion of Bextra. This heart attack rendered Plaintiff disabled and unable to care for herself.

8.

At all times relevant herein, JEANNE E. LEAVITT was unaware of the serious side effects and dangerous properties of the drug as set forth herein.

9.

This action was instituted to recover damages for personal injury and equitable relief against defendant, Pfizer, Inc., who tested, marketed, distributed, promoted, and sold Bextra, which JEANNE E. LEAVITT took after it was prescribed to her, and, as a result thereof, suffered damages in the form of a heart attack on November 2, 2004, as well as its lasting effects.

10.

The product in question was designed, formulated, patented, marketed, sold, tested and ultimately distributed by the Defendant as "Bextra."

11.

Bextra is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDs"). Defendant began marketing the drug Bextra, a Cox-2 inhibitor, as a safe, effective medication for the relief of both chronic and acute pain associated with inflammation

12.

As a selective Cox-2 inhibitor, Bextra acts to reduce prostacyclin, a vasodilator and inhibitor of platelet aggregation, in order to reduce inflammation and pain associated with inflammation.

13.

Prior to beginning to market Bextra, Defendant undertook studies that revealed that the drug was likely to cause cardiovascular problems including, but not limited to, stroke, myocardial infarction, transient ischemic attacks, blood clots, and/or hypertension.

14.

Despite having this knowledge, Defendant failed to provide the Food and Drug Administration (FDA) with information that revealed the dangers associated with the use of Bextra.

15.

Post-marketing studies revealed an increased risk of cardiovascular events (myocardial infarction, stroke, cardiovascular deaths) in patients taking Bextra. In some analysis, the relative risk for suffering cardiovascular events in patients taking Bextra was three times those suffered by patients taking placebo.

16.

Despite these results, Defendant denied that Bextra caused any cardiovascular problems and aggressively marketed the drug, to physicians and directly to consumers, as safe to use for the relief of chronic and acute pain.

17.

Even after Merck voluntarily withdrew a similar selective Cox-2 inhibitor, Vioxx, from the market in September, 2004 and researchers reported similar findings with Bextra in November, 2004, Pfizer continued to publicly proclaim the safety of Bextra. Defendant ignored the results, and misrepresented the results to the FDA, of studies that recognized, among other things, that Bextra increased the thrombotic (blood clotting) properties of the blood thereby leading to increased thrombotic adverse events such as stroke, heart attack, pulmonary embolism, kidney failures and deep venous thrombosis.

18.

Bextra was a multi-billion dollar moneymaker for Defendant who continued to deny any adverse cardiovascular risks were associated with use of the drug, instead, Defendant continued to aggressively advertise and market Bextra, both directly to consumers and to physicians, as a safe and effective means of eliminating inflammatory pain.

19.

On or about April 7, 2005, as reported in the Wall Street Journal, the FDA had to ask Defendant to withdraw Bextra from the market. It was only after this extraordinary measure that Defendant ceased sales of Bextra.

20.

Defendant Pfizer also manufactured and marketed another cox-2 inhibitor, Celebrex.

21.

Defendant breached obligations associated with Bextra including, but not limited to, its testing, the manufacture, design, warning, marketing, and sale of Bextra.

22.

Defendant failed to meet the applicable standards of care which were intended for the benefit of individual consumers such as the Plaintiff, making the Defendant negligent per se.

23.

Defendant expressly warranted to the market, including the Plaintiff, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that Bextra was safe, effective, fit and proper for its intended use.

24.

In using Bextra, the Plaintiff relied on the skill, judgment, representations, and foregoing express warranties of the Defendant. These warranties and representations proved to be false because the product was not safe and was unfit for the uses for which it was intended.

25.

As a direct and proximate result of Defendant's breaches of warranties, Plaintiff was injured and suffered damages.

26.

Defendant was aware of the substantial risks from taking Bextra but failed to fully disclose same.

27.

Had Plaintiff been aware of the defects contained in Bextra, Plaintiff would not have purchased this medication. This characteristic rendered it unfit for its intended purposes.

28.

Defendant has breached the implied warranty of merchantability in that Bextra was not reasonably fit for the purposes for which it was sold, intended, or reasonably foreseen, to be used. Moreover, the Bextra manufactured and sold by Defendant was defective on the date of its delivery to Plaintiff.

29.

Defendant has also breached the implied warranty of fitness for a particular purpose. Bextra is not reasonably fit for the specific purposes for which Defendant knowingly sold it and for which the Plaintiff bought Bextra in reliance on Defendant.

30.

Plaintiff has suffered damages as a result of Defendant's breach of warranty.

31.

Defendant has a duty to exercise the necessary degree of care expected and required of manufacturers of health care products. Defendant deviated from that duty by failing to warn of the risks of the uses of Bextra.

32.

As a result of Defendant's negligence, Plaintiffs have been injured and sustained damages. These damages are the actual and proximate result of Defendant's breach of the applicable duty of care.

33.

Defendant had control of the design, assembly, packaging, marketing, advertising, manufacturing, labeling, testing, promotion, distribution and/or sale of the drug Bextra and did so in a negligent fashion.

34.

At all times material hereto, defendant either knew or should have known that the drug Bextra was causally related to and associated with severe and life threatening complications and side effects.

35.

Although defendant knew or should have known that dangerous risks were associated with the use of Bextra, defendant proceeded to or permitted the drug to be advertised, promoted and/or sold without adequate warnings of the serious side effects and dangerous risks.

36.

Defendant failed to adequately warn plaintiff of the hazards of Bextra and concealed this knowledge from the plaintiff and others. As a result of this failure, plaintiff was caused to suffer the injury and damages as set forth herein.

37.

Although defendant knew or should have known that dangerous risks were associated with the use of Bextra, defendant proceeded to or permitted the drug to be advertised, promoted and/or sold without adequate warnings of the serious side effects and dangerous risks.

38.

Defendant, Pfizer, Inc. falsely misrepresented and concealed pertinent facts regarding the drug Bextra including, without limitation, the absence of adequate testing of the drug, the severity and frequency of side effects, and adverse medical conditions caused by the drug.

39.

Defendant, Pfizer, Inc. failed to take measures to ensure that the end user of the drug was notified fully and completely of the risks of Bextra, and/or that physicians, pharmacists and health care providers were notified of these risks.

40.

Bextra contains a vice or defect which renders it either absolutely useless, or renders its use so inconvenient and imperfect that buyers would not have purchased it had they known of this vice or defect.

41.

The damages in question arose from a reasonably anticipated use of the product in question.

42.

Defendant failed to adequately warn consumers of the harmful side effects and potential adverse health effects of Bextra. Defendant marketed Bextra which was in a dangerous and defective condition and was defective in design and formulation by reason of which said drug

was unreasonably dangerous to the user thereof. Bextra was dangerous and defective at the time it was marketed by defendant, and at the time it was ingested by plaintiff.

43.

Said dangerous and defective condition proximately caused the injuries alleged herein to plaintiff while the product was used for its ordinary intended purpose and in the ordinary intended manner. The injuries alleged herein to plaintiff, and damages suffered were the direct and proximate result of the marketing and sale by defendant of the defective and unreasonably dangerous product, Bextra.

44.

Defendant failed to properly and adequately test Bextra.

45.

Plaintiff was prescribed and took Bextra and suffered severe and debilitating injuries and damages as a result.

46.

Defendant failed to adequately warn consumers of the harmful side effects and potential adverse health effects of Bextra.

47.

As a result of the individual, combined and concurring acts and omissions of Defendant, Pfizer, Inc., Defendant caused or contributed to cause Plaintiff to sustain damages.

As a result of her ingestion and use of Bextra, JEANNE E. LEAVITT sustained the following non exclusive list of damages for which she is entitled to recover in an amount to be determined by the enlightened conscience of the jury:

A. Physical Pain and Suffering

B. Mental Anguish and Emotional Distress

C. Reasonable value of the medical expenses that have been and will be necessarily incurred in the treatment of Plaintiff's injuries;

D. Disfigurement;

E. Loss of enjoyment of life;

F. Punitive damages in accordance with the Texas Civil Practice and Remedies Code §41;

G. Other damages to be proven at the trial of this matter.

## PUNITIVE DAMAGES

48.

The conduct of Defendant, as set forth hereinabove, was intentional, willful, wanton, oppressive, malicious and reckless, evidencing such an entire want of care as to raise the presumption of a conscious indifference to the consequences in that Defendant acted only out of self interest and personal gain. Such conduct evidences a specific intent to cause harm to Plaintiff. Accordingly, punitive damages should be imposed against Defendant pursuant to applicable law, to punish and deter each such Defendant from repeating or continuing such unlawful conduct.

WHEREFORE, PLAINTIFFS PRAY:

(A) that process issue according to law;

(B) that defendant be served with a copy of Plaintiff's Complaint and show cause why the prayers for relief requested by Plaintiff should not be granted;

(C) that Plaintiff be granted a trial by jury in this matter;

(D) that the Court enter judgment for Plaintiff against Defendant for the injuries suffered by JEANNE E. LEAVITT, in an amount to be determined by the enlightened conscience of the jury,

(E) that the Court enter judgment for Plaintiff against Defendant for any other damages allowable by law;

(F) that the Court enter judgment against Defendant for all other general and compensatory damages allowable to Plaintiff;

(G) that the Court enter judgment against each Defendant for all other special damages allowable to Plaintiff;

(H) that the Court enter judgment against Defendant serving to award Plaintiff punitive damages under applicable law;

(I) that the Court enter judgment against Defendant for all other relief sought by Plaintiff under this complaint;

(J) that the costs of this action be cast upon Defendant;

(K) that the Court grant Plaintiff such other and further relief to which the Court deems just and appropriate.

Respectfully submitted,

Matthew E. Lundy, Esq.
Texas State Bar No. 12697300

LUNDY & DAVIS, L.L.P.
333 North Sam Houston Pkwy E, Suite 375
Houston, TX 77060-2487
PHONE: (281) 272-0797
FAX: (281) 272-0781
and
501 Broad Street
Lake Charles, Louisiana 70601

ATTORNEY IN CHARGE FOR PLAINTIFFS

Vance Andrus, Esq.
*Andrus, Boudreaux, Lemoine & Tonore*
416 W. Main Street
Lafayette, LA 70501
(337) 233-3075 Phone
(337) 233-3375 Facsimile

Richard J. Arsenault, Esq.
*Neblett, Beard & Arsenault*
2220 Bonaventure Court
Alexandria, LA 71301
(318) 487-9874 Phone
(318) 561-2591 Facsimile

Bryan F. Aylstock, Esq.
Justin G. Witkin, Esq.
Neil D. Overholtz, Esq.
Douglass A. Kreis, Esq.
*Aylstock, Witkin & Sasser, PLC*
4400 Bayou Boulevard, Suite 58
Pensacola, FL 32503-1909
(850) 916-7450 Phone
(850) 916-7449 Facsimile

Dawn M. Barrios, Esquire
Bruce Kingsdorf, Esquire
*Barrios, Kingsdorf & Casteix, L.L.P.*
One Shell Square
701 Poydras Street, Suite 3650
New Orleans, LA 70139-3650
(504) 524-3300 Phone
(504) 524-3313 Facsimile                    Co-Counsel for Plaintiff

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jeanne E. Leavitt

## DEFENDANTS
PFIZER, Inc.

(b) County of Residence of First Listed Plaintiff: **Taylor County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Matthew E. Lundy, Lundy & Davis, LLP, 333 N. Sam Houston Parkway East, Ste. 375, Houston, Texas 77060

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [x] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
- Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [x] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: 28 USC § 1391   Use of defective product

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ _____
- CHECK YES only if demanded in complaint
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE: Charles Breyer
DOCKET NUMBER: MDL No. 1699 In Re: Bextra

DATE: 3-28-07
SIGNATURE OF ATTORNEY OF RECORD: /s/ [signature]

---

**FOR OFFICE USE ONLY**

RECEIPT #: AB000452   AMOUNT: 350.00   APPLYING IFP: _____   JUDGE: _____   MAG. JUDGE: _____